UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERMEL JONES,

        Plaintiff,

v.                                                                       Case No. 17-C-1524

OFFICER DALAGARZA, *et al.*,

        Defendants.

## SCREENING ORDER

Plaintiff Jermel Jones, who is currently serving a state prison sentence at Waupun Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was incarcerated at Racine Correctional Institution (RCI). This matter comes before the court on Jones' motion for leave to proceed without prepayment of the full filing fee. ECF No. 2. Jones is required to pay the $350.00 statutory filing fee for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. Jones has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $1.35. His motion for leave to proceed without prepaying the filing fee will be granted.

Also before the court are several motions for extension of time to pay the initial partial filing fee and for leave to pay the initial partial filing fee from Jones' release account. ECF Nos. 8, 9, 10, 12, 13. Because the court has received Jones' initial partial filing fee, these motions will be denied

as moot. Additionally, Jones has filed a motion to appoint counsel. ECF No. 7. For the reasons set forth below, this motion will be denied without prejudice.

**I. Screening of the Complaint**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). To state a claim for relief under § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States and (2) the deprivation was visited upon him by a person or persons acting under the color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.2d 824, 827 (7th Cir. 2009) (citing

2

*Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Jones' complaint alleges that Defendants Officer Dalagarza, Captain Slayton, and Supervisor Mayer, all correctional officers at RCI, violated the Eighth Amendment's bar on cruel and unusual punishment by using excessive force against him on September 2, 2017, while he was confined at RCI. According to the complaint, Jones was resting his hand in the food-port on his cell door when Dalagarza and another officer approached his cell. When Dalagarza asked Jones to bring his hand all the way inside the cell so that Dalagarza could close the food-port trap door, Jones refused. Jones alleges that Dalagarza then kicked his hand, injuring it. In response, Slayton allegedly came to the cell, asked what happened, and called for a nurse, who gave Jones ice and a sling for his hand. During a subsequent shift, Mayer allegedly met with Jones outside of his cell, asked Jones to give a statement on the incident, and told Jones that Mayer would have to report the incident to the warden. Jones further alleges that a different sergeant later told Jones that "Mayer told [the sergeant] that he spoke with Captain Slayton and Slayton informed him he believe[d] Officer Dalagarza did kick" Jones. ECF No. 1 at 3.

Claims for excessive force fall under the Eighth Amendment's prohibition on cruel and unusual punishment, which bars "unnecessary and wanton infliction of pain," particularly when "totally without penological justification." *Hope v. Pelzer*, 536 U.S. 730, 737 (2001). Specifically, the inquiry in claims involving allegations of excessive force by prison officials against an inmate is whether the prison official inflicted an injury "maliciously and sadistically for the very purpose of causing harm." *See Hudson v. McMillian*, 503 U.S. 1, 6 (1992); *Whitley v. Albers*, 475 U.S. 312 (1986). Thus, the infliction of even a relatively minor or de minimis injury can constitute a violation

3

of the Eighth Amendment's prohibition of "cruel and unusual" punishment if it is done maliciously. *Hudson*, 503 U.S. at 9 ("When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. . . . This is true whether or not significant injury is evident.").

This subjective standard for excessive force claims makes it difficult to rule out Eight Amendment excessive force claims at the screening phase, particularly in light of the liberality with which the court must construe Jones' complaint. Here, Jones alleges that Dalagarza kicked him and injured his hand in response to Jones' refusal to comply with Dalagarza's request. The court therefore concludes that Jones may proceed against Dalagarza on the excessive force claim. However, Jones makes no allegation that Slayton or Mayer used force against him in any way. To the contrary, he alleges not only that Slayton and Mayer both responded promptly to Dalagarza's alleged use of excessive force but also that they believed Jones' allegations. In the absence of any claim that Slayton or Mayer used force against Jones, his claims against them will be dismissed. Accordingly, the court finds that Jones may proceed on his Eight Amendment claim against Dalagarza for using excessive force, but Slayton and Mayer will both be dismissed from this action.

**II. Motion to Appoint Counsel**

Jones has also filed a motion to appoint counsel to represent him in this matter. ECF No. 7. Civil litigants do not have a constitutional or statutory right to appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). But district courts do have discretion to recruit attorneys to represent indigent parties in appropriate cases. 28 U.S.C. § 1915(e)(1). Before a district court will recruit counsel, however, litigants must, as a threshold matter, make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503

F.3d at 654. If the litigant has done so, the court must then address the following question: "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Id.* at 654–55 (citing *Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993)). In his motion, Jones states that he mailed letters to two attorneys on November 1, 2017, and had not received any response from them as of November 17, 2017. Sending just two letters—to which Jones has not given the attorneys significant time to respond—does not constitute a reasonable effort to obtain private counsel. Jones' motion to appoint counsel will therefore be denied without prejudice. Because the denial is without prejudice, Jones may file a new motion to appoint counsel as the case proceeds, if circumstances change.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motions for extension of time to pay the initial partial filing fee and for leave to pay the initial partial filing fee from his release account (ECF Nos. 8, 9, 10, 12, 13) are **DENIED** as moot.

**IT IS ALSO ORDERED** that Defendants Captain Slayton and Supervisor Mayer are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (ECF No. 7) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendant.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendant shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $348.65 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS ALSO ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 5th day of December, 2017.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court